United States District Court
Southern District of Texas
**ENTERED**
November 10, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Stemmons Enterprise, L.L.C., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 4:22-cv-01487 |
| Fisker, Inc. | § § | |
| *Defendant.* | § § § | |

## **MEMORANDUM AND RECOMMENDATION**

In this licensing dispute, Plaintiff Stemmons Enterprise, L.L.C. filed a motion to remand the suit to Texas state court, Dkt. 8, which Defendant Fisker, Inc. has opposed, Dkt. 9. Subsequently, the case was referred to the undersigned judge. Dkt. 14. After carefully considering the motion, Dkt. 8, response, Dkt. 9, reply, Dkt. 10, and the applicable law, it is recommended that Stemmons's motion to remand be denied.

## **Background**

In April 2022, Stemmons sued Fisker in Texas state court. Dkt. 1-3. The petition sought a declaratory judgment and asserted a claim for breach of the parties' License Agreement. Dkt. 1-3 ¶¶ 31-39. A month later, Stemmons amended its petition to include a different address for Fisker, then filed a

request for issuance of service.  Dkt. 1-5.  Fisker timely removed the suit on the basis of diversity jurisdiction.  Dkt. 1 at ¶¶ 4, 10, 11.

Stemmons then moved to remand, contending that the License Agreement waived Fisker's removal rights.  *See* Dkt. 8.  Fisker filed a response, Dkt. 9, and Stemmons filed a reply, Dkt. 10.  The motion is ripe for review.

## Legal Standard

A defendant can remove, to federal court, an action that was filed in state court if the action could have been filed originally in federal court.  28 U.S.C. § 1441(a).  Federal courts, in turn, are authorized to hear cases that either (1) involve questions of federal law, 28 U.S.C. § 1331, or (2) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States," *id.* § 1332(a)(1).

The removal statute must "be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand."  *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).  The party invoking federal jurisdiction bears the burden to prove that jurisdiction exists and that removal was proper.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## Analysis

Stemmons's motion to remand does not dispute that there is complete diversity between the parties and that the amount in controversy exceeds $75,000.  *See* Dkts. 8, 10; 28 U.S.C. § 1332(a)(1).  Indeed, the relevant facts

confirm that these requirements are met.  *See* Dkt. 1 ¶¶ 10-14 (detailing parties' diverse citizenship—for Stemmons, Texas, and for Fisker, Delaware and California); Dkt. 1-5 ¶¶ 26-30 (alleging that Fisker owes annual fees for 400 licenses); *id.*, Ex. A at Schedule A (prescribing licensing fee of $300 per user, for total alleged damages of $120,000).

Instead, the motion to remand hinges on the sole question of whether the parties' Licensing Agreement unambiguously waived Fisker's removal rights. Stemmons invokes the Agreement's forum selection clause, which provides:

> c) The state and federal courts having subject-matter jurisdiction in Houston, Harris County, Texas will have exclusive jurisdiction of any action or proceeding arising out of or relating to this Agreement or any transaction or relationship resulting from it.  Each party consents to personal jurisdiction in such court(s), agrees not to contest the same, and agrees not to assert any claim of inconvenient venue.

Dkt. 1-5 at 35.  According to Stemmons, this clause constitutes a contractual waiver of Fisker's right to challenge Stemmons's selected venue—the District Court of Harris County, Texas.  Dkt. 8 at 2-4.  The Court disagrees.

"A contractual clause prevents removal where the clause amounts to a clear and unequivocal waiver of removal rights." *Grand View PV Solar Two, LLC v. Helix Elec., Inc. / Helix Elec. Of Nev., L.L.C., J.V.*, 847 F.3d 255, 257-58 (5th Cir. 2017) (internal quotations omitted).  "A party may waive its rights [(1)] by explicitly stating that it is doing so, [(2)] by allowing the other party

the right to choose venue, or [(3)] by establishing an exclusive venue within the contract." *Id.* at 258 (quoting *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004)); *J.D. Fields & Co. v. Shoring Engineers*, 2019 WL 251258, at *1 (S.D. Tex. Jan. 17, 2019). "Ambiguous language cannot constitute a 'clear and unequivocal' waiver." *Grand View*, 847 F.3d at 258; *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 798 (5th Cir. 2001) (contractual provisions "created ambiguity" and thus "did not allow the court to hold that the plaintiff had the right to choose the forum in which the dispute would be heard").

The forum-selection clause in the Licensing Agreement does not "clearly and unequivocally" waive Fisker's right to remove. Its language contains no explicit waiver of the removal right. Dkt. 1-5 at 35. Rather, by its plain terms, the clause bars only specific types of venue challenges.

Specifically, the forum-selection clause indicates that both parties consented to the exclusive jurisdiction of *state and federal* courts in Houston, Harris County, Texas and "agree[d] not to contest" whether personal jurisdiction is proper. *Id.* This language is agnostic as to whether the suit can be removed if originally filed in Harris County state court. In the ensuing dependent clause, the parties further "agree[d] not to assert any claim of *inconvenient venue.*" *Id.* (emphasis added). By its terms, this waiver forecloses requests to transfer venue on inconvenience grounds—but only that type of

4

challenge.  Nowhere does the forum-selection clause impose a categorical bar on *all* venue challenges, including the right to remove a Harris County state-court suit to the Houston federal court.

When Fisker removed to this Court, it did not challenge personal jurisdiction, assert *forum non conveniens*, or request that venue be transferred for the convenience of parties and witnesses under 28 U.S.C. § 1404(a).  Indeed, Fisker aptly notes that its removal is neutral in terms of convenience, given that the state courthouse is just a few blocks away from this Court.  *See* Dkt. 9 at 2-3.  Under the narrow language of the Licensing Agreement, Fisker did not unambiguously waive its right to remove this case and avail itself, as an out-of-state citizen, to the protections against potential "prejudices of local courts and local juries."  Dkt. 9 at 3 (quoting *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1153 (5th Cir. 1985)).

Stemmons argues that the Fifth Circuit requires remand when a defendant has agreed to both state and federal forums and waived jurisdictional challenges.  Dkt. 10 at 1-3 (citing *Waters*, 252 F.3d at 796-98).  That interpretation is overly broad and ignores the text of the operative forum-selection clauses.  In *Waters*, the defendant "waive[d] *any objection that it may have to the laying of venue* of any such suit, action or legal proceeding in any of such courts."  252 F.3d at 797 (emphasis added).  Similarly, in Stemmons's other primary authority, the defendant "waive[d] any claim of inconvenient

forum or *other challenge to venue in such court.*"  *Whitaker v. Vista Staffing Sols., Inc.*, 2017 WL 2983040, at *1 (S.D. Tex. July 11, 2017) (emphasis added).

Other decisions have rejected the same, overly broad application of *Waters* and *Whitaker* that Stemmons advances.  The court in *J.D. Fields* noted that "[i]n both cases (*Waters* and *Whitaker*), the defendants' consent to jurisdiction and the waiver of 'any objection' to venue, taken together, created a clear and unequivocal waiver of removal rights."  2019 WL 251258, at *2 (quoting *Whitaker*, 2017 WL 2983040, at *2).  The same combination of clauses does not exist here.  Unlike the language in *Waters*, this forum-selection clause does not globally waive "any objection" to Stemmons's chosen venue.  And unlike the language in *Whitaker*, this clause does not include catch-all language waiving any "other challenge to venue."  Instead, its waiver language is limited to personal jurisdiction and convenience-based venue challenges. Dkt 1-5 at 35.

The Court will not rewrite the plain language of the forum-selection clause to include a broader waiver of objections than the one to which the parties agreed.  And hewing to the agreed-upon language hardly renders the forum-selection clause "meaningless," as Stemmons contends.  Dkt. 10 at 4.  To the contrary, the clause explicitly delineates what conduct it constrains.  But because the parties' chosen language does not clearly and unequivocally waive

Fisker's right to avail itself of federal court, Fisker's removal of this case was proper.  Accordingly, Stemmons's motion to remand should be denied.

**<u>Recommendation</u>**

For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff Stemmons's motion to remand (Dkt. 8).

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on November 10, 2022, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge