United States District Court
Southern District of Texas
**ENTERED**
November 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Stemmons Enterprise, L.L.C. f/k/a Boxer Enterprise, L.L.C., § § § § *Plaintiff,* § § v. § § Fisker, Inc., § § *Defendant.* § | Case No. 4:22-cv-01487 |

## DISCOVERY ORDER

On November 13, 2023, the Court held a hearing to address Defendant Fisker, Inc.'s motion for a protective order to preclude the production of documents sought by Plaintiff Stemmons Enterprise, L.L.C.'s from ServiceNow, Inc.—a non-party.[1] *See* Dkt. 38 (Fisker's motion); Dkt. 40 (notice of hearing); Dkt. 41 (Stemmons's response). As stated on the record, Fisker's motion for protective order is **GRANTED**, with one additional directive below.

---

[1] At the hearing, the Court noted that the motion is not procedurally proper because the rules require parties to engage in a *pre*-motion, letter-brief process for all discovery disputes. *See* Judge Alfred H. Bennett, Court Procedures and Practices § B.4. Moreover, the motion fails to include a certificate of conference. *See id.* § 5(c) ("Non-dispositive motions will be automatically struck if they do not include a Certificate of Conference. See Local Rule 7.1(D)(1) ...."). Nevertheless, given the time-sensitive nature of the issues, and in the interests of efficiency, the Court proceeds to resolve the motion. Any future non-compliant filings will, however, be stricken.

There is no dispute that Fisker has standing to seek a protective order to prevent third-party discovery of allegedly irrelevant documents. *See, e.g.*, *Field v. Anadarko Petroleum Corp.*, 2020 WL 4937122, at *2 (S.D. Tex. Aug. 24, 2020) ("[A] party has standing to move for a protective order pursuant to Rule 26(c) ... even if the party does not have standing [to quash the subpoena] pursuant to Rule 45(d)).") (internal quotation marks omitted). A protective order, in turn, is warranted if the movant shows good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Fisker has met its burden, for two reasons.

First, Stemmons should not be seeking discovery from a non-party to circumvent Fisker's relevance objections to the same discovery. Third-party discovery is "not meant to provide an end-run around the regular discovery process under Rules 26 and 34." *See Thomas v. IEM, Inc.*, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008) (quoting *Burns v. Bank of Am.*, 2007 WL 1589437, at *14 (S.D.N.Y. 2007)); *see also, e.g.*, *Scrum Alliance Inc. v. Scrum, Inc.*, 2020 WL 6559625, at *3 (E.D. Tex. Nov. 9, 2020) (quashing subpoena on non-party for documents that could be obtained from a party to the case). Thus, a party's refusal to produce documents sought under Fed. R. Civ. P. 26 and 34 "should be addressed by a motion to compel, not a subpoena to a nonparty." *Scrum Alliance Inc.*, 2020 WL 6559625, at *3 (E.D. Tex. Nov. 9, 2020) (citing *In re*

*Motions to Quash Subpoena filed by Craft Gallery, Ltd.*, 2013 WL 8367788, at *2 (W.D. Tex. Apr. 5, 2013)).

Here, Fisker objected to producing these same documents, on relevance grounds. *Compare* Dkt. 38-2 at 6-7 (Fisker's responses to Request for Production Nos. 5 and 6), *with* Dkt. 38-3 at 8 (requests to ServiceNow). Stemmons's recourse was to seek to compel those documents *from Fisker*, not to circumvent Fisker's objection by issuing a subpoena for the same documents from non-party ServiceNow. *See Scrum Alliance Inc.*, 2020 WL 6559625, at *3. Yet Stemmons never sought a ruling regarding Fisker's objections. For that reason alone, the Court grants Fisker's motion for a protective order.

Second, Fisker's objections to the bulk of the document requests as irrelevant and disproportionate to the needs of the case are well-founded. "Under Rule 26(b)(1), discoverable matter must be both relevant and proportional to the needs of the case—which are related by distinct requirements." *Royal Hospitality Corp. v. Underwriters at Lloyd's*, 2022 WL 18436754, at *2 (S.D. Tex. Jan. 4, 2022) (internal quotation marks omitted).

Requests 1 through 3, 5, and 6 seek agreements, negotiations, and communications regarding Fisker's licensing of ServiceNow's software. *See* Dkt. 38-3 at 8. Yet this case concerns whether Fisker breached its contractual obligations to Stemmons by failing to use *Stemmons*'s licensed programs "to achieve the widest possible use." *See* Dkt. 1-3 at 39 ¶ 2 (Schedule A to Software

License Agreement). This hinges on the legal interpretation of the contractual language and the functionality and operation of Stemmons's own software within Fisker's business.

Stemmons's requests for documents pertaining to Fisker's licensing of third-party software have only tangential relevance to the questions underlying this suit. Even if the ServiceNow software performs similar functions as Stemmons's software—as Stemmons asserts, *see* Dkt. 41 at 6-7—that does not make it more or less likely that Fisker experienced obstacles configuring and using Stemmons's software—as Fisker maintains, *see* Dkt. 41-1 at 8-9 (Fisker's response to Interrogatory No. 8).

Moreover, Stemmons provided only generic descriptions of its own and ServiceNow's software, taken from the companies' websites. *See* Dkt. 41-3 to 41-4 (PX-C & D). This is insufficient to suggest that the particulars of Fisker's and ServiceNow's contractual relationship have such importance that the benefits of the requested discovery outweigh its burdens. *See* Fed. R. Civ. P. 26(b)(1). For this additional reason, the Court finds good cause to issue a protective order precluding Stemmons's Request Nos. 1 through 3, 5, and 6 in the subpoena to ServiceNow.[2]

---

[2] This conclusion also forecloses Stemmons's parallel request for these documents from Fisker. *See* Dkt. 38-2 at 7 (Request for Production No. 6).

The Court reserves ruling on Stemmons's request for documents concerning the appointment of Bill McDermott, ServiceNow's principal, to Fisker's board of directors—at least to the extent that those documents have been sought from Fisker. *See* Dkt. 38 at 5 (Stemmons's Request for Production No. 5). According to Stemmons, the timing of McDermott's appointment coincides with Fisker's decision to use ServiceNow's software. *See* Dkt. 41 at 7. As stated on the record, the parties are directed to meet-and-confer on this request. But given Fisker's possession of the requested documents, the Court precludes Stemmons from obtaining these documents from ServiceNow, as sought in Request No. 4 of its subpoena. *See* Dkt. 38-3 ¶ 4.

## Conclusion

For the foregoing reasons, it is **ORDERED** that Defendant Fisker, Inc.'s motion for a protective order to preclude requests for documents from non-party ServiceNow, Inc. (Dkt. 38) is **GRANTED**. It is further **ORDERED** that the parties must meet and confer regarding Plaintiff Stemmons Enterprise, L.L.C.'s request for documents *from Fisker* concerning Bill McDermott's appointment to Fisker's board of directors (Dkt. 38-2 at 6, RFP No. 5).

Signed on November 13, 2023, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge